IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN GEARY, Derivatively on Behalf of Nominal Defendant CHECKPOINT THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES F. OLIVIERO, III, WILLIAM GARRETT GRAY, CHRISTIAN BÉCHON, SCOTT BOILEN, NEIL HERSKOWITZ, LINDSAY A. ROSENWALD, BARRY SALZMAN, and MICHAEL S. WEISS,<br><br>Defendants,<br><br>and<br><br>CHECKPOINT THERAPEUTICS, INC.,<br><br>Nominal Defendant. | Case No. 1:24-cv-03471-PAE |

**JOINT STIPULATION AND ORDER
REGARDING STAY OF LITIGATION**

Plaintiff Kevin Geary ("Plaintiff"), Nominal Defendant Checkpoint Therapeutics, Inc. ("Checkpoint"), and defendants James F. Oliviero, III, William Garrett Gray, Christian Béchon, Scott Boilen, Neil Herskowitz, Lindsay A. Rosenwald, Barry Salzman, and Michael S. Weiss (the "Individual Defendants" and together with Checkpoint, the "Defendants"), hereby stipulate and agree, and respectfully request that the Court enter an Order, to stay the above-styled shareholder derivative litigation (the "Derivative Action") as follows:

WHEREAS, the Derivative Action was filed by Plaintiff on May 6, 2024, asserting claims against the Individual Defendants for violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), breach of fiduciary duty, unjust enrichment, waste of corporate assets,

gross mismanagement, and abuse of control, and claims against Individual Defendants Oliviero and Gray for contribution under the federal securities laws;

WHEREAS, the deadline for Checkpoint and the Individual Defendants to move against, answer, or otherwise respond to the Complaint is July 22, 2024 (*see* ECF No. 10);

WHEREAS, the Derivative Action is substantially related to a shareholder securities class action lawsuit pending in the United States District Court for the Southern District of New York, styled *Moore v. Checkpoint Therapeutics, Inc., et al.*, Case No. 1:24-cv-02613-PAE (the "Related Securities Class Action");

WHEREAS, on May 6, 2024, the Court in the Related Securities Class Action ordered that "[u]pon the entry of an Order appointing Lead Plaintiff and Lead Counsel, within fourteen (14) days, Defendants' counsel and Lead Counsel will meet and confer and submit a proposed scheduling Order for the filing of the operative complaint and the responses thereto." (Related Securities Class Action, ECF No. 16); and

WHEREAS, in the interest of efficiency, judicial economy, conservation of time and resources, and orderly management of these actions, the parties have agreed to a stay of the Derivative Action pending resolution of the anticipated motion to dismiss in the Related Securities Class Action, subject to the conditions listed below.

NOW, THEREFORE, the Parties hereby stipulate and agree, and respectfully request that the Court enter an Order, as follows:

1. The Derivative Action shall be stayed until after the final resolution of the motion to dismiss in the Related Securities Class Action, including any appeals therefrom.

2. If the stay of the Derivative Action expires pursuant to Paragraphs 1 or 5, the Parties shall meet and confer regarding future case scheduling and will submit an update on the status of

the case or a proposed scheduling stipulation for this Court's review and approval within fourteen (14) days of the expiration of the stay.

3. During the pendency of this stay, Defendants shall promptly notify Plaintiff of any related derivative actions or threatened derivative actions (including, but not limited to, Section 220 demands and litigation demands) ("Related Derivative Actions") of which Defendants become aware.

4. Notwithstanding the voluntary stay of this Action, Plaintiff may amend the Complaint during the pendency of the stay, but Defendants shall not be required to move, answer, plead, or otherwise respond to the Complaint or any amended complaint during the pendency of the stay.

5. Defendants shall promptly notify Plaintiff in the event any Related Derivative Action is not stayed for a similar or a longer duration as the stay of this Derivative Action, in which case Plaintiff shall have the option to terminate the stay of this Derivative Action by giving fourteen (14) days' notice to Defendants' counsel via email, which will also be filed with the Court.

6. This stay shall not prohibit the filing of any motions, stipulations, or other related filings pertaining to consolidation of Related Derivative Actions and/or appointment of lead plaintiff(s) and lead and liaison counsel(s) (if the Court has not already made such an appointment).

7. During the pendency of this stay, Defendants shall promptly produce to Plaintiff any documents produced in any Related Derivative Action, subject to a reasonable confidentiality agreement or protective order that permits Plaintiff to use the discovery in Plaintiff's case.

8. The Parties reserve all of their respective defenses and claims.

Respectfully submitted, this 20th day of June, 2024.

**THE BROWN LAW FIRM, P.C.**

*/s/ Timothy Brown*
Timothy Brown
tbrown@thebrownlawfirm.net
Saadia Hashmi
shashmi@thebrownlawfirm.net
767 Third Avenue, Suite 2501
New York, New York 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

*Attorneys for Plaintiff Kevin Geary*

**ALSTON & BIRD**

*/s/ Brett D. Jaffe*
Brett D. Jaffe
brett.jaffe@alston.com
Timothy J. Fitzmaurice
tim.fitzmaurice@alston.com
90 Park Avenue, 15th Floor
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for the Individual Defendants and Nominal Defendant Checkpoint Therapeutics, Inc.*

SO ORDERED, this 20th day of June, 2024.

PAUL A. ENGELMAYER
United States District Court Judge